Michael E. Langton, Esq.
Nevada Bar No.: 0290
801 Riverside Drive
Reno, Nevada 89503
(775) 329-7557

Attorney For Applicant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 169,<br><br>    Applicant,<br>vs.<br><br>THE PENTA BUILDING GROUP, INC.,<br><br>    Respondent.<br>_____/ | CASE NO.: |

## APPLICATION TO CONFIRM ARBITRATION AWARDS

**COMES NOW**, Laborers' International Union of North America, Local 169, by and through its undersigned attorney, and hereby files its application for an Order confirming the Joint Board of Adjustments' Decisions and Orders rendered in the matter of two grievances between Laborers' International Union of North America, A.F.L.-C.I.O., Local Union #169, and The Penta Building Group, Inc., said Decisions being rendered in accordance with the provisions of the collective bargaining agreement existing between Applicant and Respondent. Accordingly, Applicant hereby alleges and avers as follows:

///

///

///

## I

## PARTIES

1. Laborers' International Union of North America, Local 169, (hereinafter "Local 169"), is a labor organization as defined in 29 USC § 152 and, as such, is the exclusive bargaining agent for the purpose of negotiating wages, hours, and other conditions of employment on behalf of its members, including filing and prosecuting grievances on their behalf. Local 169 maintains offices in the City of Reno, County of Washoe, State of Nevada, where it conducts its business including, but not limited to, the County of Washoe.

2. Respondent The Penta Building Group, Inc., (hereinafter "Penta"), is a business enterprise which is licensed to conduct business in the State of Nevada as a construction contractor, including, but not limited to Washoe County.

3. Applicant Local 169 and Respondent Penta have had a collective bargaining relationship at all times relevant hereto, being parties to the "Laborers Master Agreement between Nevada Chapter of Associated General Contractors of America, Inc., and Laborers' International Union of North America, A.F.L.-C.I.O, Local 169," (hereinafter "LMA"), with an effective date of July 16, 2015, through July 15, 2018. (A copy of said agreement is submitted herewith as Exhibit 1.)

4. On July 16, 2018, Local 169 and Nevada Chapter of the Associated General Contractors of America, Inc., executed a successor LMA which has an effective date from July 16, 2018, to and including July 15, 2021.

Michael E. Langton, Esq.
801 Riverside Drive
Reno, Nevada 89503
Voice: (775) 329-7557 Fax (775) 329-7447

## II

## JURISDICTION

5. This Court has jurisdiction pursuant to 9 USC § 9 and the provisions of 29 USC § 185 as this is a cause of action between a labor organization and a contractor in the private sector.

## III

## VENUE

6. Venue lies in this District pursuant to 28 USC § 1391(b) as the events giving rise to this action occurred in this judicial district.

## IV

## BACKGROUND

7. On July 3, 2018, Local 169 filed a grievance against Penta over the failure of Penta to comply with the terms of the 2015-2018 LMA.

8. Section 9 of the LMA is titled "Grievance Procedure"; said section states:

SECTION 9 - GRIEVANCE PROCEDURE

> Should a controversy, dispute or disagreement arise during the period of this Agreement over interpretations and operations of this Agreement, the difference shall be adjusted in the following manner.
>
> All complaints must be filed in writing within thirty (30) calendar days after the matter in dispute or disagreement is alleged to have occurred.
>
> Errors in paychecks must be filed in writing within ten (10) working days from payday. All time limits may be extended by mutual agreement, in writing.
>
> Upon receipt of a written report setting forth in detail the nature of the specific issue in controversy, a representative of the Union and a representative of the employer shall attempt to reach

a settlement of the dispute.

If a settlement is not reached within three (3) days, the matter shall be submitted to a Board of Adjustment, appointed as follows:

Two (2) members shall be appointed by the Employer involved, and two (2) members shall be appointed by the Union. In the event a majority of these appointees do not agree upon a settlement of the dispute within three (3) days thereafter, they shall mutually select a neutral arbitrator who shall hear and decide the grievance and whose decision shall be final, binding, and conclusive upon all parties concerned.

If within twenty-four (24) hours, the parties cannot agree on a neutral arbitrator, such neutral arbitrator shall be selected as follows:

The Federal Mediation and Conciliation Service shall be requested to submit the names of seven (7) qualified arbitrators. Each party to the dispute, through their appointed representatives, shall have the right to reject three (3) of the names submitted and the remaining seventh person shall be selected as the neutral arbitrator within twenty-four (24) hours after submission of the names of such qualified arbitrators.

The order of selecting arbitrator names shall be determined by a coin toss. (Exhibit 1, pp 19-20.)

9. The grievance filed by Petitioner Local 169 on July 3, 2018, was not resolved during steps preceding the final step provided in Section 9 of the LMA. Accordingly, the parties mutually selected John M. Caraway to serve as the neutral arbitrator, and a hearing to resolve the grievance was scheduled to be conducted in Reno, Nevada, on January 22, 2019, to allow the parties to present evidence and testimony concerning the grievance. However, on the day of the scheduled hearing the parties stipulated to relevant facts and set a schedule for the filing of opening briefs and response briefs in lieu of having testimony concerning said facts.

10. After the parties submitted their opening briefs and

response briefs, the matter was submitted to the arbitrator on April 11, 2019, for decision on the grievance.

11. The issue that was to be decided by the arbitrator was stated as follows:

> Was Penta's notice [of termination of the collective bargaining agreement] deficient and not in compliance with the terms of the Laborers Master Agreement? If not, what shall be the appropriate remedy?

12. On May 31, 2019, the arbitrator issued his "Decision and Order." A copy of said Decision and Order is attached hereto as Exhibit 2. The Decision and Order of the arbitrator stated on page 8:

> I hereby find that **Penta's notice was deficient and not in compliance with the terms of the Laborers' Master Agreement.** The Penta Building Group is hereby <u>bound to the terms of the successor Agreement</u> between Nevada Chapter of Associated General Contractors of America, Inc., and Laborers' International Union of North America, A.F.L.-C.I.O, Local #169, which has an effective date of July 16, 2018, through July 15, 2021. (Bold emphasis in original. Underlined emphasis added.)

13. As a result of the arbitrator's Decision and Order finding Penta's notice of termination of the 2015-2018 LMA, Penta was unequivocally bound to the successor collective bargaining agreement, which was and is effective from July 16, 2018 through and including July 15, 2021.

14. On June 21, 2019, Penta's attorney sent a letter to Local 169's attorney and stated, in relevant part: "Penta does not recognize Local 169 in any capacity."

15. By letter dated June 25, 2019, Local 169's attorney responded to Penta's letter of June 21, 2019 and stated, in relevant part:

> Taking the position that the withdrawal of

recognition during the 2015-2018 collective bargaining agreement was effective is totally without merit. Accordingly, demand is hereby made that the Penta Building Group immediately rescind its position that it "does not recognize Local 169 in any capacity."

If Penta does not rescind its position as stated above by close of business on July 1, 2019, I have been instructed to immediately file a Petition to Confirm Arbitration Award in District Court and to seek attorney's fees for being forced to do so.

16. On July 2, 2019, Local 169 filed a new grievance with Penta "over the failure of Penta to comply with the terms of the [successor] LMA," i.e., the July 16, 2018, through July 15, 2021, Laborers Master Agreement. (Exhibit 3.)

17. On July 8, 2019, Joel Wallis, Senior Vice President of Operations for The Penta Building Group, sent a letter to Richard Daly, Business Manager for Laborers' Local 169, and stated *inter alia*: "As Penta no longer has a bargaining relationship with Local 169, it is not required to respond to the July 2, 2019, grievance about Penta's June 22, 2018 withdrawal of recognition from Local 169." (Exhibit 4.)

18. On July 17, 2019, Local 169 filed an "Application to Confirm Arbitration Award" in the United States District Court, District of Nevada, Case No. 3:19-CV-0401-MMD-CBC.

19. On August 20, 2019 Penta filed its Answer to Local 169's Application and its "Counterclaim to Vacate Or In The Alternative Modify Award."

20. On January 27, 2020 the District Court of Nevada filed its Order, (ECF No. 35), wherein the Court denied Penta's Motion to Vacate, (ECF No. 14), and confirmed the Arbitrator's award.

21. On February 26, 2020 Penta filed a "Notice of

Appeal," (ECF No. 37), appealing the District Court's Order to the Ninth Circuit Court of Appeals. The case is still pending with the Court of Appeals.

## V

**(Grievance filed July 2, 2019)**

22. Applicant Local 169 re-alleges paragraphs 1 through 21, inclusive, as is set forth herein in full.

23. As noted above, on July 2, 2019, Local 169 filed a grievance with Penta "over the failure of Penta to comply with the terms of the LMA including, but not limited to Section 1 through 39." (Exhibit 3.) The remedy requested was:

> 1.) For Penta to end its attempt to improperly withdraw its recognition of Local 169 under section 9(a) of the NLRA in violation of the terms of the LMA.
>
> 2.) that Penta refrains from any such activity in the future and follow the terms of the LMA.

24. By letter dated July 8, 2019, Penta wrote to Local 169 and stated, in relevant part:

> As Penta no longer has a bargaining relationship with Local 169, it is not required to respond to the July 2, 2019 grievance about Penta's June 22, 2018 withdrawal of recognition from Local 169. ... Penta stands by its lawful June 22, 2018 withdrawal of recognition and is therefore not subject to Local 169's Master Labor Agreement or any of its provisions. (Exhibit 4.)

25. By letter dated July 11, 2019 Local 169 responded to Penta's letter of July 8, 2019 and stated, in relevant part:

> Notwithstanding the numerous inaccurate and untrue assertions, statements and claims made by Penta in its July 8, 2019 response letter, the disagreement between the Union and Penta, which remains unresolved, over Penta's continued violation of the terms of the L.M.A. that, despite Penta's denial, is and remains in existence and effect between Penta and the Union. Therefore, Penta is required to respond to the grievance.

Michael E. Langton, Esq.
801 Riverside Drive
Reno, Nevada 89503
Voice: (775) 329-7557  Fax (775) 329-7447

>        Accordingly, pursuant to Section 9 of the L.M.A. if the matter remains unresolved it shall be submitted to a Board of Adjustment (B.O.A.). The Union proposes to convene a B.O.A. on Friday July 19, 2019 at 9:00 a.m. at the Laborers Union Hall, 570 Reactor Way, Reno, Nv. Please contact the Union no later than Wednesday July 17, 2019 if Penta wants to propose an alternate date.
>
>        If Penta fails to contact the Union to propose an alternate date on or before July 17, 2109, the Union will proceed with the B.O.A. as proposed by the Union and any decision rendered by a majority of the members appointed to the B.O.A., even if that number is less than four, shall be final, binding and conclusive upon all parties concerned as stated in the grievance procedure.
>
>        If Penta refuses or otherwise fails to participate in the B.O.A. it does so at its own peril. As I have stated in past interactions with Penta, it defies logic to believe that a party can defeat a grievance by simply deciding not to participate.
>
>        Please contact me if you have any questions, if you wish to propose an alternate date to hold a B.O.A. or if Penta prefers to waive the B.O.A. and proceed directly to arbitration. (Exhibit 5.)

26.   Penta did not respond to Local 169's July 11, 2019 letter.

27.   On July 19, 2019 a Board of Adjustment was convened and at approximately 9:00 a.m. Local 169's Business Manager/Secretary-Treasurer contacted Penta's Senior Vice President of Operations by telephone in order to ascertain whether or not Penta was going to participate in the Board of Adjustment. The Senior Vice President of Operations on behalf of Penta declined to participate in the Board of Adjustment and did not request to postpone the Board of Adjustment to another date.

28.   On July 19, 2019 the grievance filed July 2, 2019 was submitted to the Board of Adjustment as provided in Section 9

of the Laborers Master Agreement.

29. On July 19, 2019 the Board of Adjustment issued its Decision on the grievance dated July 2, 2019, and ordered Penta:

> 1. To accept that Penta's withdrawal of 9(a) recognition of the Union was/is improper, ineffective and invalid and
>
> 2. Continue to recognize the Union as the exclusive collection (sic) bargaining representative under Section 9(a) of the NLRA and
>
> 3. That The Penta Building Group refrain from any such activity in the future and follow the terms of the LMA. (Exhibit 6.)

30. By letter dated July 23, 2019 Local 169 provided Penta a copy of the Decision of the Board of Adjustment.

31. By letter dated July 30, 2019 Local 169 wrote to Penta concerning the Board of Adjustment's Decision and its letter of July 23, 2019 and stated, in relevant part:

> Since that time the Union has not received an objection from Penta disputing the B.O.A. decision and order.
>
> Accordingly, unless Penta provides the Union with a written objection, on or before Friday August 9, 2019 disputing the BOA decision and order the Union shall consider Penta's silence to be an acceptance of the BOA decision and order and an agreement by Penta to comply with the BOA decision and order. (Exhibit 7.)

32. By letter dated August 2, 2019 Penta responded to Local 169's letter of July 30, 2019 and stated therein, in relevant part:

> The Arbitrator's decision has no impact on Penta's June 22nd withdrawal of recognition. Local 169 did not file a charge with the NLRB challenging Penta's withdrawal. Penta therefore stands by its lawful withdrawal and no longer has a bargaining relationship with Local 169. Penta's withdrawal means it is not bound by the current LMA. Accordingly, Local 169 cannot compel Penta to

Michael E. Langton, Esq.
801 Riverside Drive
Reno, Nevada 89503
Voice: (775) 329-7557 Fax (775) 329-7447

>participate [in] grievances, boards of adjustment, or further arbitrations. (Exhibit 8.)

33. By letter dated August 9, 2019, Local 169 responded to Penta's letter of August 2, 2019 and stated therein, in relevant part:

>As the Union has stated many times The Penta Building Group's (Penta) attempt to withdraw recognition was not valid and it is the Union's unequivocal position that Penta remains bound and subject to the terms of the Laborers Master Agreement. The Union believes there is sufficient evidence to prove that there is in fact an agreement in effect between the Union and Penta. Upon review of your August 2, 2019 letter it is apparent that Penta objects to the July 19, 2019 Board of Adjustment (BOA) decision.
>
>In light of Penta's response and unfortunate choice to not abide by the BOA arbitration award I have instructed the Union's legal council to file a motion to confirm the arbitration award.
>
>Again, if Penta chooses to continue to engage in this course of conduct regarding the dispute resolution process it does so at its own peril. (Exhibit 9.)

34. Penta did not take any action within three months to vacate or modify the July 19, 2019 Board of Adjustment's award as required by 9 USC § 12.

35. By its actions of refusal to respond to the grievance filed July 2, 2019, and refusing to participate in the July 19, 2019 Board of Adjustment hearing and contending that it "no longer has a bargaining relationship with Local 169," The Penta Building Group has refused to abide by the arbitrator's Decision and Order rendered May 31, 2019, wherein the arbitrator ruled Penta was bound to the 2018-2021 LMA.

36. Penta has refused to abide by the Board of Adjustment's decision issued July 19, 2019.

37. By its action in refusing to abide by the Board of

Adjustment's Decision issued July 19, 2019, it has become necessary for Applicant Local 169 to seek a Court Order Confirming the Board of Adjustment's Decision of July 19, 2019.

38. Applicant has been required to obtain the services of an attorney to file this Application To Confirm Arbitration Awards.

## VI

### (Grievance filed July 12, 2019)

39. Applicant Local 169 re-alleges paragraphs 1 through 38, inclusive, as if set forth herein in full.

40. On July 12, 2019 Local 169 filed a grievance with Penta "over the failure of Penta to comply with the terms of the [2018-2021] LMA, including, but not limited to section 1 through 39." (Exhibit 10.) The remedy requested was:

> 1.) For Penta to end its attempt to improperly terminate, abrogate, repudiate or cancel the LMA in existence between Penta and the Union.
>
> 2.) That Penta refrains from any such activity in the future and follow the terms of the LMA.

41. On July 19, 2019 Penta responded to Local 169's grievance of July 12, 2019 and stated, in relevant part:

> Penta lawfully withdrew recognition on June 22, 2018 and since then has not recognized or had any additional bargaining or contractual obligations with Local 169. (Exhibit 11.)

42. By letter dated July 23, 2019 Local 169 responded to Penta's letter of July 19, 2019 and stated therein, in relevant part:

> Pursuant to Section 9 of the L.M.A. if the matter remains unresolved it shall be submitted to a Board of Adjustment (B.O.A.). The Union proposes to convene a B.O.A. On Friday, August 2, 2019 at 9:00 am at the Laborers Union Hall, 570 Reactor Way, Reno, Nv. Please contact the Union no later than

Michael E. Langton, Esq.
801 Riverside Drive
Reno, Nevada 89503
Voice: (775) 329-7557 Fax (775) 329-7447

> Wednesday, July 31, 2019 of Penta wants to propose an alternate date.
>
> If Penta fails to contact the Union to propose an alternate date on or before July 31, 2019, the Union will proceed with the B.O.A. as proposed by the Union and any decision rendered by a majority of the members appointed to the B.O.A., even if that number is less than four, shall be final, binding and conclusive upon all parties concerned as stated in the grievance procedure.
>
> If Penta refuses or otherwise fails to participate in the B.O.A. it does so at its own peril. As I have stated in past interactions with Penta, it defies logic to believe that a party can defeat a grievance by simply deciding not to participate. (Exhibit 12.)

43. After communications between Penta and Local 169 the Board of Adjustment was scheduled for August 16, 2019.

44. By letter dated August 5, 2019 Local 169 wrote to Penta and confirmed the Board of Adjustment would convene on August 16, 2019 to hear the July 12, 2019 grievance and requested Penta to contact Local 169 "no later than August 14, 2019 if the proposed August 16, 2019 date is not acceptable and provide an alternate date(s) to reconvene the BOA." (Exhibit 13.) The letter ended with the following words:

> If Penta fails to contact the Union in writing by letter no letter than August 14, 2019 to provide an alternate date(s) to hold a BOA or if Penta continues to stonewall and/or fails or refuses to participate in the BOA as proposed on August 16, 2019 and/or fails or refuses to participate in a BOA on an alternate date as may be scheduled, the Union will proceed with the BOA and any decision rendered by a majority of the members appointed to the BOA, even if that number is less than four, shall be final binding and conclusive upon all parties concerned as stated in the grievance procedure contained in the collective bargaining agreement.
>
> If Penta chooses to continue to engage in this course of conduct regarding the dispute resolution process it does so at its own peril.

(*Id*.)

45. By letter dated August 8, 2019 Penta responded to Local 169's letter of August 5, 2019 and stated, in relevant part: "Penta recognizes that the Arbitrator found that the May 2nd [2018] notice was deficient. While Penta disagrees with the Arbitrator's decision, <u>it does not challenge it</u>." (Exhibit 14; emphasis added.) Penta further asserted within said letter "this means that Penta is not bound to the current LMA."

46. By letter dated August 9, 2019, (Exhibit 15), Local 169 responded to Penta's letter of August 8, 2019 and stated therein, in relevant part:

> The Union intends to proceed with the grievance process and if Penta chooses to continue engaging in a course of action and conduct refusing to participate in the dispute resolution process it does so at its own peril.
>
> \*\*\*
>
> Notwithstanding Penta's August 2, 2019 and August 8, 2019 letters the Union is once again asking Penta to participate in the grievance procedure and the Union renews our proposal as stated in the Union's August 5, 2019 letter to reschedule and reconvene the BOA to hear the July 12, 2019 grievance on August 16, 2019 at 9:00 A.M. at the Laborers Union hall 570 Reactor Way, Reno, NV.
>
> The Union renews our request for Penta to notify the Union, in writing by letter via fax or US mail, no later than August 14, 2019 if the proposed August 16, 2019 date is not an acceptable date and provide an alternative date(s) to reconvene a BOA.
>
> If Penta fails to contact the Union in writing by letter no later than August 14, 2019 to provide an alternate date(s) to hold a BOA or if Penta continues to stonewall and/or fails or refuses to participate in the BOA as proposed in August 16, 2019 and/or fails or refuses to participate in a BOA on an alternate date as may be scheduled, the Union will proceed with the BOA and any decision rendered by a majority of the members appointed to the BOA, even if that number is less than four, shall be final binding and conclusive upon all parties concerned as stated

in the grievance procedure contained in the Collective Bargaining Agreement.

Again if Penta chooses to continue to engage in this course of conduct regarding the dispute resolution process it does so at its own peril.

47. Penta did not respond to Local 169's letter of August 9, 2019.

48. On August 16, 2019 Local 169's Business Manager/Secretary-Treasurer attempted to contact Penta's Senior Vice President of Operations in an attempt to ascertain if Penta was going to participate in the scheduled Board of Adjustment, but he was unable to do so telephonically so he left a message on the Senior Vice President of Operation's cell phone and also left a message "at Penta's main office in Las Vegas, Nevada." (Exhibit 16.)

49. On August 16, 2019 the Board of Adjustment was convened as provided and allowed by Section 9 of the Laborers Master Agreement and issued its "Decision of Board of Adjustment." (Exhibit 17.)

50. By letter dated August 19, 2019, (Exhibit 16), Local 169 notified Penta, by and through its Senior Vice President of Operations, that the Board of Adjustment had convened as scheduled on August 16, 2019, and attached to said letter the decision of Board of Adjustment, including the exhibits that were submitted to the Board of Adjustment during the hearing. (Exhibit 17).

51. Penta did not take any action within three months to vacate or modify the Decision of the Board of Adjustment as required by 9 USC §12.

52. By its actions of refusal to respond to the grievance

filed July 12, 2019, and refusing to participate in the August 16, 2019 Board of Adjustment hearing and contending that it "no longer has a bargaining relationship with Local 169," The Penta Building Group has refused to abide by the Arbitrator's Decision and Order rendered May 31, 2019, wherein the Arbitrator ruled Penta was bound to the 2018-2021 LMA.

53. Penta has refused to abide by the Board of Adjustment's Decision issued August 16, 2019.

54. By its action in refusing to abide by the Board of Adjustment's Decision issued August 16, 2019, it has become necessary for Applicant Local 169 to seek a Court Order Confirming the Board of Adjustment's Decision of August 16, 2019.

55. Applicant has been required to obtain the services of an attorney to file this Application To Confirm Arbitration Awards.

**WHEREFORE**, Applicant Laborers' Local 169, prays for relief as follows:

1. That the Court confirm the Decision of the Board of Adjustment dated July 19, 2019, concerning the grievance filed by Local 169 on July 2, 2019; and

2. That the Court confirm the Decision of the Board of Adjustment dated August 16, 2019, concerning the grievance filed by Local 169 on July 12, 2019; and

3. That the Court award Laborers' Local 169 all attorney's fees and costs incurred in bringing this action; and

///

///

4.  For such other and further relief as the Court deems just in the premises.

**DATED** this 16 day of June, 2020.

*Michael E. Langton*
MICHAEL E. LANGTON, ESQ.
Nevada Bar No.: 0290
801 Riverside Drive
Reno, Nevada 89503
(775) 329-7557

Attorney For Applicant
LABORERS' INTERNATIONAL UNION
OF NORTH AMERICA, LOCAL 169

Michael E. Langton, Esq.
801 Riverside Drive
Reno, Nevada 89503
Voice: (775) 329-7557 Fax (775) 329-7447

**TABLE OF CONTENTS**

                                                    **PAGE**

I.    PARTIES...................................... 2

II.   JURISDICTION................................. 3

III.  VENUE........................................ 3

IV.   BACKGROUND................................... 3

V.    Grievance filed July 2, 2019................. 7

VI.   Grievance filed July 12, 2019................ 11

**INDEX OF EXHIBITS**

| NUMBER | DESCRIPTION |
|---|---|
| 1  | 2015-2018 Laborers Master Agreement |
| 2  | Arbitrator's Decision dated May 31, 2019 |
| 3  | Letter dated July 2, 2019, from Richard Daly to Joel Wallis at The Penta Building Group |
| 4  | Letter dated July 8, 2019, from Joel Wallis to Richard Daly |
| 5  | Letter dated July 11, 2019, from Richard Daly to Joel Wallis |
| 6  | Decision of Board of Adjustment dated July 19, 2019 |
| 7  | Letter dated July 30, 2019, from Richard Daly to Joel Wallis |
| 8  | Letter dated August 2nd, 2019, from Joel Wallis to Richard Daly |
| 9  | Letter dated August 9, 2019, from Richard Daly to Joel Wallis |
| 10 | Letter dated July 12, 2019, from Richard Daly to Joel Wallis |
| 11 | Letter dated July 19th, 2019, from Joel Wallis to Richard Daly |

LABORERS LOCAL 169\Penta\Application To Confirm Arbitration Awards 5.28.20        -i-

**INDEX OF EXHIBITS (Continued)**

| NUMBER | DESCRIPTION |
|---|---|
| 12 | Letter dated July 23, 2019, from Richard Daly to Joel Wallis |
| 13 | Letter dated August 5, 2019, from Richard Daly to Joel Wallis |
| 14 | Letter dated August 8, 2019, from Joel Wallis to Richard Daly |
| 15 | Letter dated August 9, 2019, from Richard Daly to Joel Wallis |
| 16 | Letter dated August 19, 2019, from Richard Daly to Joel Wallis |
| 17 | Decision of Board of Adjustment dated August 16, 2019 |

~*~